FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN -6 A 11: 51

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LOCAL 473, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES and CANADA, A. F. OF L., CIO and WILLIAM C. TRESHER, <br><br> Plaintiffs, <br><br> v. <br><br> RAYONIER, INC., <br><br> Defendant. | CIVIL ACTION NO.: CV204-077 |

## ORDER

Defendant has filed a Motion to Strike evidence submitted by Plaintiffs as exhibits to their response to Defendant's motion for summary judgment. Plaintiffs have filed a Response. Defendant contends that the following evidence should be stricken: (1) medical records from Erick Bournigal, M.D.; (2) the declaration of Berry Howell; and (3) the declaration of Julian Jackson.

Defendant asserts that Dr. Bournigal's medical records should be stricken pursuant to Rule 37(c)(1). Specifically, Defendant asserts that Plaintiffs failed to properly disclose the medical records, and as such, Plaintiffs' use of those medical records would be "clearly prejudicial" to Defendant. (Dkt. No. 39, p. 4.)

Defendant avers that the use of certain parts of Berry Howell's declaration would violate Rule 56 because they are inadmissible. Specifically, Defendant contends that

AO 72A
(Rev. 8/82)

paragraph 4 of Howell's declaration should be stricken because it is not based upon Howell's actual knowledge, and the information contained in that paragraph could be elicited from a more knowledgeable source. Defendant further contends that paragraphs 3, 5, 6, and 7 are not relevant. Additionally, Defendant asserts that Plaintiffs have failed to establish that Howell is competent to testify about the matters contained in his declaration.

Defendant contends that because the statements contained in Julian Jackson's declaration are inadmissible, Plaintiffs' use of Jackson's declaration would violate Rule 56. Next, Defendant avers that the statements contained in Jackson's declaration are not relevant. Finally, Defendant asserts that Plaintiffs have failed to establish that Jackson is competent to testify about the matters contained in his declaration.

Neither Dr. Erick Bournigal's medical records, Barry Howell's declaration, nor Julian Jackson's declaration should be stricken. Defendant's Motion to Strike (Dkt. No. 38) is hereby **DENIED**.

SO ORDERED, this 6th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)